BURNETT & MIL-
    LER
    *vs.*
GARNETT AND
  THOMPSON.

Case 13.

PET. EQ.

## Burnett & Miller *vs.* Garnett & Thompson.

### APPEAL FROM TRIGG CIRCUIT.

Under the Code of Practice (*sec.* 153,) no judgment can be based upon the failure of a defendant to answer an *interrogatory* which is not founded on some material *allegation* in the petition of the plaintiff.

[The facts of the case are set out in the opinion of the court.] REP.

*M. Mayes* for appellants—

The appellants counsel contends that the circuit court erred in dismissing his petition, and should have rendered a judgment subjecting the land discribed to the payment of his judgments at law. [3 *B. Monroe*, 115.]

The suits in which the judgments were rendered were pending, and judgments rendered on the same day that the land was conveyed by the defendant to the judgments; the vendor never surrendered the possession to the vendee. It is charged in the plaintiffs petition that if Thompson ever paid any thing for the lands it has been paid back, and he is called upon to answer and say if it has not been paid back, and that inquiry is not responded to either by Garnet or Thompson.

The testimony shows that Garnet has kept the possession of the land ever since the date of the deeds, made improvements, and denied the right of Thompson to the land.

*C. D. Bradley* for appellees—

1. The testimony shows the sale by Garnet to Thompson, and that the price was a fair price; and though it is true that Garnet has occupied the land ever since the sale, it is also proved that it was as tenant, that he is poor, and has not perhaps been able to pay the rent. And though it is stated by a witness

that Garnet claimed the lands, (which is not evidence against Thompson,) yet it is proved by the same witness that he before stated it was Thompson's land, and advised him to buy it, and Thompson did offer to sell it to the witness.

2. The Code of Practice does not authorize the plaintiff to embody interrogatories in his petition, (*section* 118.) By *sections* 167, 8, the plaintiff may *annex* written interrogatories to his petition, the answers to which may be read as evidence.

By *section* 177, the plaintiff is required to make affidavit in substance, that the facts alledged are within the personal knowledge of the defendant, and if the defendant fails to answer, the allegations of the petition may be taken for confessed; no such course was pursued in this case.

The fraud charged is denied; the trust is denied, and ever other material allegation of the petition is denied, and there is no proof to controvert the answer and sustain the petition, and the judgment is right.

Judge SIMPSON delivered the opinion of the court.                    July 1, 1857.

. The plaintiffs, as the creditors of the defendant Garnet, brought this action to vacate a deed, which they alledged he had fraudulently executed to Thompson, his co-defendant.

They alledged, in their petition, that Garnet was largely indebted beyond his means of payment, and made the deed in question with the intent of hindering, cheating, and defrauding his creditors. They then, in their petition, called upon Thompson to state, on oath, what he paid for the land embraced by the deed, and whether or not he was holding it in trust for his co-defendant Garnet, or if he ever paid any thing for said land, whether or not it had not long since been paid back to him by Garnet, or some one for him?

The defendant, Thompson, in his answer, denied positively all fraud in the execution of the deed; stated

specially the manner in which the price set forth in the deed had been paid; alledged that the price so paid was the full value of the land, and denied that he held it, or ever held it, in trust in any manner whatever for said Garnet, or any one for him, or that he was under any legal or equitable obligations to let his co-defendant, or any one for him, have said land, but on the contrary, that it belonged to him, and was held by him exclusively for his own use and benefit.

The plaintiff proved that the grantor had remained in the possession of the land ever since the deed was executed—a fact which the defendant, Thompson had admitted in his answer—and accounted for and explained, on the alledged ground that his co-defendant occupied the land as his tenant.

The purchaser proved, on his part, the payment of the consideration recited in the deed, and also that it was the full value of the land.

The case was tried, and the plaintiff's petition dismissed; and from that decision they have appealed to this court.

The judgment of the court below was clearly right upon the testimony in the cause. The proof was wholly insufficient to sustain the charge of fraud.

It is contended, however, as the defendant, Thompson, failed to deny in his answer, that Garnet had repaid him the purchase money, or a part of it, although expressly called upon to state if such was not the fact, that his silence on the subject should be regarded as an admission that the purchase money had been repaid to him, and consequently the judgment is erroneous.

The defendant Thompson, in his answer, denied positively that he held the land in trust for his co-defendant, or any other person, and alledged that he held it for his own exclusive use and benefit. This was a substantial denial that the purchase money, or any part of it, had been repaid to him by Garnet, or

any other person for him; for if such a repayment had been made he would have held the land in trust, and his denial that such was the fact would have been untrue.

But what is the legal effect under the Code of Practice of the failure of the defendant to respond to the interrogatory.

Every material allegation of the petition, not specifically controverted by the answer, must, for the purposes of the action, be taken as true. (*Code of Practice*, sec. 153.) Here, however, the petition did not contain an allegation that any part of the purchase money had been refunded, but the defendant was called upon to say whether or not such was the fact. No allegation on the subject having been made in the petition, which only contained an inquiry in relation to the matter, the provision of the Code above referred to has no application. A defendant is only bound to answer the allegations of the petition; and if the plaintiff desires to propound to him any interrogatories he must pursue the plan prescribed by the Code, by which the defendant becomes a witness, and his answers to the interrogatories are made evidence. He is not bound to forego this advantage, and answer inquiries contained in the body of the petition, not founded on any allegation.

Under the Code of Practice (*sec.* 153,) no judgment can be based upon the failure of a defendant to answer an *interrogatory* which is not founded on some material *allegation* in the peti tion of the plaintiff.

The answer of the defendant having denied explicitly the existence of a trust, is sufficient to repel any inference to his prejudice, that might be deduced from the failure to answer the interrogatory propounded to him, even if any unfavorable inference could be allowed to arise, for that cause, in a case like the present.

Wherefore, the judgment is affirmed.